UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO HARRIS BANK N.A., <br><br> Plaintiff, <br><br> v. <br><br> BHAJNO PAHAL, et al., <br><br> Defendants. | Case No. 1:19-cv-00140-DAD-EPG <br><br> ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE <br><br> (ECF No. 20) |

On November 8, 2019, Plaintiff, BMO Harris Bank N.A., filed a motion for default judgment (ECF No. 20). The Court denies the motion without prejudice.

On January 31, 2019, Plaintiff initiated this action with the filing of a complaint alleging breach of contract claims against Billan-Pahal Corporation, Gurdeep Billan, Ranjodh Billan, and Bhajno Pahal. (ECF No. 1.) On March 26, 2019, Plaintiff filed a first amended complaint ("FAC"), again bringing breach of contract claims against Billan-Pahal Corporation, Gurdeep Billan, Ranjodh Billan, and Bhajno Pahal. (ECF No. 5.) The following day, Plaintiff filed a motion seeking the Court's approval nunc pro tunc for the filing of the FAC. (ECF No. 7.) The Court granted the motion. (ECF No. 9.) Thus, the operative complaint in this action is the FAC.

A. <u>Defendants Billan-Pahal Corporation, Gurdeep Billan, and Ranjodh Billan</u>

On May 28, 2019, Plaintiff filed notices of the filing of bankruptcy as to defendants Billan-Pahal Corporation, Gurdeep Billan, and Ranjodh Billan. (ECF Nos. 13, 14, 15.) On November 8, 2019, Plaintiff filed a notice of voluntary dismissal of these three defendants (ECF No. 19), and the Court entered an order on November 13, 2019, regarding that voluntary dismissal, noting that the case has been terminated as to defendants Billan-Pahal Corporation,

Gurdeep Billan, and Ranjodh Billan only. (ECF No. 23.)

B. <u>Defendant Bhajno Pahal</u>

On March 28, 2019, Plaintiff filed a return of service. (ECF No. 10.) This return of service, however, was for the complaint, not the FAC. (*Id.* (return of service stating that on March 1, 2019, the summons, order setting mandatory scheduling conference, and the complaint were served).) No return of service for the FAC has been filed.

On May 28, 2019, Plaintiff filed a request for entry of default as to Bhajno Pahal. (ECF No. 12.) The request for entry of default cites to and relies on the original complaint and the service of that complaint. There is no reference to the FAC, which is the operative complaint. (*See id.*) The Clerk entered default based upon Plaintiff's request. (ECF No. 16.)

Plaintiff filed the present motion for default judgment on November 8, 2019. (ECF No. 20.) Like the request for entry of default, the motion for default judgment cites to and relies on the original complaint and the service of that complaint. (*Id.*) There is no reference to the FAC, and there is no return of service demonstrating that the FAC has been served on Bhajno Pahal. Accordingly, the motion for default judgment is denied and the entry of default will be vacated.

IT IS ORDERD:

1. The entry of default as to Bhajno Pahal (ECF No. 16) is VACATED.
2. The motion for default judgment as to Bhajno Pahal (ECF No. 20) is DENIED.
3. The Clerk of the Court is directed to issue a summons for the First Amended Complaint, filed March 26, 2019 (ECF No. 5), as to defendant Bhajno Pahal only.
4. The hearing on the motion for default judgment, set for December 13, 2019, is VACATED.

IT IS SO ORDERED.

Dated: **December 11, 2019**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

2