**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BMO HARRIS BANK, N.A.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BILLAN-PAHAL CORPORATION, et al.,<br><br>　　　　　Defendants. | **Case No. 1:19-cv-00140-DAD-EPG**<br><br>**ORDER REQUIRING PLAINTIFF TO FILE A STATUS REPORT EXPLAINING THE STATUS OF DISMISSED DEFENDANTS AND EXPLAINING WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO EFFECTUATE SERVICE OF PROCESS ON THE ONLY DEFENDANT REMAINING IN THE CASE** |

　　　　This action was initiated on January 31, 2019, with the filing of a complaint (ECF No. 1). On March 26, 2019, Plaintiff filed a first amended complaint ("FAC"), naming four defendants: Gurdeep Billan, Ranjodh Billan, Billan-Pahal Corporation, and Bhajno Pahal. (ECF No. 5.)

　　　　On May 28, 2019, Plaintiff filed notices that three of the defendants—Gurdeep Billan, Ranjodh Billan, and Billan-Pahal Corporation—had filed for relief under Chapter 7 of the Bankruptcy Code. (ECF Nos. 13, 14, 15.) On November 8, 2019, Plaintiff voluntarily dismissed these three defendants without prejudice, and the case against these three defendants was automatically terminated. (ECF Nos. 19, 23.) Thus, the only defendant remaining in this case is Bhajno Pahal.

　　　　On May 28, 2019, Plaintiff also filed a request for entry of default against defendant

Bhajno Pahal, and the clerk's entry of default against Bhajno Pahal was entered on June 4, 2019. (ECF Nos. 12, 16.) On November 8, 2019, Plaintiff filed a motion for default judgment against Bhajno Pahal. (ECF No. 20.) In an order entered on December 12, 2019, the Court denied the motion for default judgment without prejudice, noting that the operative complaint was the FAC and there was no indication that the FAC had ever been served on defendant Bhajno Pahal. (ECF No. 25.) On that same date, the Clerk of the Court issued a summons for the FAC as to defendant Bhanjo Pahal only. (ECF No. 26.)

On January 28, 2020, an answer was filed. (ECF No. 27.) However, this answer was not filed by the single remaining defendant in the case, Bhajno Pahal. Instead, this answer was filed by two of the three defendants that had been previously dismissed from the case—Billan-Pahal Corporation and Ranjodh Billan. (*Id.*) Bhajno Pahal, the only defendant who has not been dismissed from the case, has not yet filed an answer or otherwise entered an appearance. Moreover, neither a return of service nor a waiver of service has been filed as to Bhajno Pahal in relation to the FAC, and thus there is no indication that defendant Bhajno Pahal has been served.

On March 13, 2020, the Court entered a minute order, resetting a scheduling conference for May 5, 2020, at 9:30 a.m., and providing instructions on how to participate in the conference telephonically. (ECF No. 29.) The Court also instructed the parties to refer to the Court's civil new case documents, and to comply with the Court's scheduling conference requirements. (*Id.* (citing ECF No. 3).) Those requirements include mandatory attendance at the scheduling conference, and the filing of a joint scheduling report one week prior to the conference. (*See* ECF No. 3.)

On April 28, 2020, a joint scheduling report was filed by Plaintiff. (ECF No. 30.) Counsel for defendants Billan-Pahal Corporation and Ranjodh Billan participated in the drafting of and approved the joint scheduling report. (*Id.*) However, as noted, defendants Billan-Pahal Corporation and Ranjodh Billan have been dismissed from this action. The only defendant remaining in this action, Bhajno Pahal, did not participate in the scheduling report.

The Court held the initial scheduling conference as scheduled on May 5, 2020, at 9:30 a.m. Christopher Miles appeared telephonically for Plaintiff. None of the defendants appeared at

the conference. However, again, defendants Billan-Pahal Corporation and Ranjodh Billan, who participated in and approved the joint scheduling report, have been dismissed from this action. The only defendant remaining in this action, Bhajno Pahal, has not appeared, and there is no return of service or waiver of service indicating that defendant Bhajno Pahal has been served with the FAC.

In light of the foregoing,

IT IS ORDERED that Plaintiff shall file, no later than May 10, 2020, a status report explaining the status of the various defendants in this case, including an explanation as to the following:

1. Are defendants Billan-Pahal Corporation and Ranjodh Billan, who have been dismissed from this case and to the Court's knowledge have automatic bankruptcy stays, now participating in the case? If so, what is their status as parties to this case?
2. Why has there not been a return of service as to the only defendant who has not been dismissed from this case, defendant Bhajno Pahal, and why should this action not be dismissed for failure to effectuate service in accordance with the 90-day time limit in Federal Rule of Civil Procedure 4(m)?

IT IS SO ORDERED.

Dated: **May 5, 2020**            /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE

3