UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO HARRIS BANK, N.A., | Case No. 1:19-cv-00140-DAD-EPG |
| Plaintiff, | **ORDER REQUIRING DEFENDANT TO SHOW CAUSE FOR FAILURE TO APPEAR** |
| v. | |
| BHAJNO PAHAL, et al., | |
| Defendants. | |

For the reasons set forth below, the Court orders defendant Bhajno Pahal to show cause why sanctions, up to and including entry of judgment against her, should not be issued for failure to comply with this Court's orders.

From early on, there has been confusion regarding the defendants in this action.

The action was initiated on January 31, 2019, with the filing of a complaint (ECF No. 1). On March 26, 2019, Plaintiff filed a first amended complaint ("FAC"), naming four defendants: Gurdeep Billan, Ranjodh Billan, Billan-Pahal Corporation, and Bhajno Pahal. (ECF No. 5.) On May 28, 2019, Plaintiff filed notices that three of the defendants—Gurdeep Billan, Ranjodh Billan, and Billan-Pahal Corporation—had filed for relief under Chapter 7 of the Bankruptcy Code. (ECF Nos. 13, 14, 15.) On November 8, 2019, Plaintiff voluntarily dismissed these three defendants without prejudice, and the case against these three defendants was automatically

terminated. (ECF Nos. 19, 23.) Thus, the only defendant remaining in this case is Bhajno Pahal.

On May 28, 2019, Plaintiff filed a request for entry of default against defendant Bhajno Pahal, and the clerk's entry of default against Bhajno Pahal was entered on June 4, 2019. (ECF Nos. 12, 16.) On November 8, 2019, Plaintiff filed a motion for default judgment against Bhajno Pahal. (ECF No. 20.) In an order entered on December 12, 2019, the Court denied the motion for default judgment without prejudice, noting that the operative complaint was the FAC and there was no indication that the FAC had ever been served on defendant Bhajno Pahal. (ECF No. 25.) On that same date, the Clerk of the Court issued a summons for the FAC as to defendant Bhajno Pahal only. (ECF No. 26.)

On January 28, 2020, an answer was filed. (ECF No. 27.) However, this answer was not filed by the single remaining defendant in the case, Bhajno Pahal. Instead, this answer was filed by two of the three defendants that had been previously dismissed from the case—Billan-Pahal Corporation and Ranjodh Billan. (*Id.*) Bhajno Pahal, the only defendant who had not been dismissed from the case, had not yet filed an answer or otherwise entered an appearance in the case. Moreover, neither a return of service nor a waiver of service had been filed as to Bhajno Pahal in relation to the FAC, and thus there was no indication that defendant Bhajno Pahal had been served.

On March 13, 2020, the Court entered a minute order, resetting a scheduling conference for May 5, 2020, at 9:30 a.m., and providing instructions on how to participate in the conference telephonically. (ECF No. 29.) The Court also instructed the parties to refer to the Court's civil new case documents, and to comply with the Court's scheduling conference requirements. (*Id.* (citing ECF No. 3).) Those requirements include mandatory attendance at the scheduling conference, and the filing of a joint scheduling report one week prior to the conference. (*See* ECF No. 3.)

On April 28, 2020, a joint scheduling report was filed by Plaintiff. (ECF No. 30.) Counsel for defendants Billan-Pahal Corporation and Ranjodh Billan, Mr. Nathan S. Miller, participated in the drafting of and approved the joint scheduling report. (*Id.*) However, as noted, defendants Billan-Pahal Corporation and Ranjodh Billan had been previously dismissed from this action. The

2

only defendant remaining in this action, Bhajno Pahal, did not participate in the drafting or filing of the scheduling report.

The Court held the initial scheduling conference as scheduled on May 5, 2020, at 9:30 a.m. Christopher Miles appeared telephonically for Plaintiff. None of the defendants appeared at the conference, either through Mr. Miller or otherwise. However, again, defendants Billan-Pahal Corporation and Ranjodh Billan, the two defendants who participated in and approved the joint scheduling report through Mr. Miller, had been previously dismissed from this action. The only defendant remaining in this action, Bhajno Pahal, did not appear and there was no return of service or waiver of service indicating that defendant Bhajno Pahal had been served with the FAC.

In light of the foregoing, the Court continued the scheduling conference to May 18, 2020. (ECF No. 31.) The Court also issued an order requiring Plaintiff to file a status report explaining the status of the dismissed defendants and why this case should not be dismissed for failure to effectuate serve of process on the only defendant remaining in the case, Bhajno Pahal. (ECF No. 32.) In response, Plaintiff filed status reports explaining that there had been confusion regarding the various defendants, and that Mr. Miller, who had previously filed an answer on behalf of dismissed defendants, also represented the remaining defendant, Bhajno Pahal. (ECF Nos. 33, 34.) Plaintiff represented that Mr. Miller had now accepted service of the FAC on behalf of the remaining defendant, Bhajno Pahal, and that Bhajno Pahal had thus now been properly served. (ECF Nos. 33, 34.)

In light of the representations in Plaintiff's status reports, and the record in the case, the Court issued a minute order directing Plaintiff to file a return of service or other document demonstrating that defendant Bhajno Pahal had been properly served. (ECF No. 35.) The Court also reminded Bhajno Pahal that if she had been properly served, she was obligated to file a timely response to the FAC. (*Id.*) Finally, the Court further continued the scheduling conference to June 29, 2020, at 9:30 a.m., and provided instructions to the parties on how to participate in the scheduling conference telephonically.  (*Id.*) This minute order was electronically served on Mr. Miller through the Court's CM/ECF system.

3

1   On May 15, 2020, defendant Bhajno Pahal (hereinafter, "Defendant") filed an answer to
2   the FAC. (ECF No. 36.)

3   On June 22, 2020, Plaintiff filed a first amended scheduling report. (ECF No. 38.) The
4   report states that on March 25, 2020, counsel for Plaintiff and counsel for Defendant conducted a
5   telephonic conference to discuss scheduling and potential settlement; that counsel for Plaintiff
6   and counsel for Defendant exchanged drafts of an amended scheduling report via email; that
7   Plaintiff's counsel circulated a final draft of an amended scheduling report; and that Defendant's
8   counsel has not objected to the proposed dates in the amended scheduling report. (ECF No. 38.)

9   On June 29, 2020, at 9:30 a.m., the Court held the continued scheduling conference.
10  Christopher Miles appeared telephonically for Plaintiff. Defendant, Bhajno Pahal, failed to appear
11  and did not file a request for a continuance or otherwise notify the Court that she would not be
12  able to appear.

13  Based on the foregoing, the Court orders that Defendant, Bhajno Pahal, show cause why
14  sanctions, up to and including entry of judgment against her, should not be issued for her failure
15  to appear at the mandatory scheduling conference.

16  IT IS ORDERED that Defendant, Bhajno Pahal, shall file, no later than **July 13, 2020**, a
17  written response to this Order to Show Cause to explain her failure to appear at the June 29, 2020,
18  scheduling conference.

19  **Defendant is cautioned that failure to respond to this Order as set forth above may**
20  **result in the imposition of sanctions, including entry of judgment against her.**

21  IT IS SO ORDERED.

23  Dated:   **June 29, 2020**                    /s/ Eric P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE